_____ FILED       _____ ENTERED
_____ LODGED      _____ RECEIVED

OCT 16 2017

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

The Honorable James P. Donohue

# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>NABIL SAYYID HESTER,<br><br>Defendant. | NO. MJ17-429<br><br>COMPLAINT FOR VIOLATION<br><br>18 U.S.C. § 922(g)(1)<br>21 U.S.C. § 841(a)(1) & 841(b)(1)(C)<br>18 U.S.C. § 924(c)(1)(a) |

BEFORE the Honorable James P. Donohue, Chief United States Magistrate Judge, United States Courthouse, Seattle, Washington.

The undersigned complainant being duly sworn states:

## COUNT 1

### (Felon in Possession of a Firearm)

On or about August 31, 2017, in the City of Seattle, within the Western District of Washington, the defendant, NABIL SAYYID HESTER, after having been convicted of at least the following crimes punishable by imprisonment for a term exceeding one year, to wit:

    a.    *Conspiracy to Commit a Violation of the Uniform Controlled Substances Act – Possession of Heroin*, in King County Superior

COMPLAINT/HESTER - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Court, Washington, under cause number 17-1-02293-1 SEA, dated
2  on or about April 12, 2017;

3      b.    *Conspiracy to Commit a Violation of the Uniform Controlled Substances*
4          *Act – Possession of Heroin*, in King County Superior Court, Washington,
5          under cause number 17-1-00897-1 SEA, dated on or about April 12, 2017.

6  did knowingly possess, in and affecting interstate and foreign commerce, the following
7  firearms, to wit: one AM-15, .300 blackout semi-automatic rifle, bearing serial number
8  16273284, one TR-1 JD lower receiver for an AR platform, bearing serial number 18140,
9  and one Colt .45-caliber MKIV Officers ACP Pistol, bearing serial number SF06992E,
10  which had been shipped and transported in interstate and foreign commerce.

11      All in violation of Title 18, United States Code, Sections 922(g)(1).

12  ## COUNT 2

13  ### (Possession of Heroin with Intent to Distribute)

14      On or about August 31, 2017, in the City of Seattle, within the Western District of
15  Washington, NABIL SAYYID HESTER, did knowingly and intentionally possess, with
16  intent to distribute, heroin, a substance controlled under Schedule I, Title 21, United
17  States Code, Section 812.

18      All in violation of Title 21, United States Code, Sections 841(a)(1) &
19  841(b)(1)(C).

20  ## COUNT 3

21  ### (Possession of Firearm in Furtherance of a Drug Trafficking Crime)

22      On or about August 31, 2017, in the City of Seattle, within the Western District of
23  Washington, NABIL SAYYID HESTER, knowingly and intentionally possessed a
24  firearm, to wit: one Colt .45-caliber MKIV Officers ACP Pistol, bearing serial number
25  SF06992E, in furtherance of a drug trafficking offense for which he may be prosecuted in
26  a Court of the United States, to wit: *Possession of Controlled Substances with Intent to*
27  *Distribute,* as charged in Count 2, above.

28      All in violation of Title 18, United States Code, Section 924(c)(1)(A).

COMPLAINT/HESTER - 2

1      The undersigned complainant, William Perkins, being duly sworn, further deposes

2 and states as follows:

3                          **INTRODUCTION**

4      1.     I, William Perkins, am currently employed as a Special Agent (SA) with

5 the Bureau of Alcohol, Tobacco and Firearms (ATF) and have been since September 4,

6 2004. I am an investigative law enforcement officer of the United States within the

7 meaning of Title 18, United States Code, Section 2510(7), and empowered by law to

8 conduct investigations of, and to make arrests for, offenses enumerated in Title 18,

9 United States Code, Section 2516. My duties and responsibilities have included

10 conducting criminal investigations for possible violations of federal law including

11 violations of controlled substances statues and firearms statutes.

12      2.     I am classified and trained as a federal law enforcement officer with federal

13 statutory arrest authority. I have completed the Criminal Investigator Training Program

14 and the ATF Special Agent Basic Training Academy taught at the Federal Law

15 Enforcement Training Center located in Glynco, Georgia. Prior to joining ATF, I have

16 previous training and experience as a Special Agent with the United States Secret

17 Service, a United States Probation and Parole Officer, and a United States Border Patrol

18 Agent.

19      3.     The facts set forth in this Affidavit are based on my own personal

20 knowledge; information obtained from other individuals during my participation in this

21 investigation, including other law enforcement officers; review of documents and records

22 related to this investigation; communications with others who have personal knowledge

23 of the events and circumstances described herein; and information gained through my

24 training and experience.

25      4.     Because this Affidavit is submitted for the limited purpose of establishing

26 probable cause in support of a criminal complaint, it does not set forth each and every

27 fact that I, or others, have learned during the course of this investigation.

28   COMPLAINT/HESTER - 3

## SUMMARY OF PROBABLE CAUSE

5.      I have reviewed reports relating to an incident that occurred on August 31, 2017.  According to reports, On August 30, 2017, at approximately 2027 hours, Officer Adam Merritt, a member of the Seattle Police Anti-Crime Team (ACT), was participating in an "order-up/takedown" narcotics operation in the 1400 block of Third Avenue in downtown Seattle, Washington. For the operation, ACT provided plain clothes surveillance and members of the Seattle Police night bicycle squad provided assisted with the arrest.

6.      At approximately 1919 hours, Officer Merritt began texting a number belonging to NABIL SAYYID HESTER, posing as someone who wanted to purchase narcotics.  Officer Merritt had personally arrested HESTER multiple times for selling heroin and had knowledge of other officers arresting HESTER for the same crime. During the conversation, Officer Merritt asked HESTER to sell heroin to him.  HESTER agreed, but said he only had a small amount.  HESTER insisted Officer Merritt come to the Hillside Motel located at 2541 Aurora Avenue North for the transaction. Officer Merritt called HESTER at approximately 2044 hours, and HESTER stated he wanted Officer Merritt to come to room number 10 at the Hillside Motel. Officer Merritt told HESTER he could not make it there tonight.  Officer Merritt hung up the phone and texted HESTER that they could meet up later in the week for the transaction.  Officer Merritt informed HESTER he would purchase a half ounce of heroin from him later in the week if he had it.  Officer Merritt also told HESTER he would pay him $600 for the heroin. HESTER agreed to do this.

7.      On August 31, 2017 at approximately 1858 hours, Officer Merritt texted HESTER and informed him that he (Officer Merritt) had $600 for the half ounce of heroin, but would need him to deliver it to the 1400 block of Third Avenue, near the Steak and Shake business. HESTER agreed, but insisted that he (HESTER) needed more

COMPLAINT/HESTER - 4

1 money to do this. Officer Merritt informed HESTER that he would give him $675 if he

2 would deliver it at 2030 hours.  HESTER agreed to the price and location.

3        8.     Around 2015 hours, the Seattle Police Department West ACT and bicycle

4 officers arrived in the location to prepare for the transaction. Officer Marshall and Officer

5 Merritt went directly to the 1400 block of Third Avenue. Officers Edison and Griffin

6 went to the Hillside Motel. At approximately 2015 hours, Officer Griffin stated he

7 observed HESTER and an unknown Caucasian male enter a white Volvo (WA

8 #BEB7710) and head south on Aurora Avenue North. Officer Griffin stated he observed

9 HESTER coming from the direction of room #10. Officer Griffin and Edison lost sight of

10 the Volvo at the intersection of Aurora Avenue North and Denny Way.

11        9.     At approximately 2025 hours, Officer Merritt observed HESTER crossing

12 Third Avenue from the southeast corner to the southwest corner. HESTER then turned

13 southbound on Third Avenue into the 1400 Block. HESTER was walking with an

14 unknown Caucasian male.  HESTER continued walking southbound and stopped just

15 south of the Steak and Shake, where he had agreed to meet Officer Merritt. At that time,

16 Officer Merritt called in the Seattle Police bicycle officers, who were able to take

17 HESTER and the unknown Caucasian male, later identified as N.T., into custody without

18 incident.

19       10.    Officer Coma searched HESTER incident to arrest. Two baggies of

20 suspected heroin were seized, with one containing loose heroin and the other containing

21 numerous individual baggies. A loaded silver Colt .45-caliber pistol (serial #SF06992E)

22 was confiscated from HESTER's waistband. HESTER was transported to the West

23 Precinct for further investigation.

24       11.    Once Officer Merritt arrived at the West Precinct, he walked HESTER into

25 the interview room and read his Miranda Warnings to him.  HESTER stated he

26 understood his warnings.  Officer Merritt asked HESTER what he was doing downtown

27 this evening and HESTER stated "Selling heroin like I always am."  HESTER claimed he

28

COMPLAINT/HESTER - 5

1   sells heroin because he is concerned his friends will use fake heroin and die.  Officer

2   Merritt asked HESTER where he was staying and he stated room #10 at the Hillside

3   Motel.  Officer Merritt asked HESTER what else was in his room and he stated "guns,

4   drugs, and money."  Officer Merritt asked what kind of guns were in the room and

5   HESTER identified an AR-15-style rifle.  Officer Merritt asked HESTER if he would

6   consent to a search of the room and HESTER stated he would as long as we retrieved his

7   computer equipment out for him and placed it into safekeeping.  Officer Merritt informed

8   HESTER he would retrieve his computer equipment for him.  HESTER stated he was the

9   only person who had a key to the room and nobody else stayed there.

10        12.     Officer Merritt transported HESTER to the Hillside Motel at approximately

11   2210 hours.  Officer Merritt read HESTER the Consent to Search form verbatim at the

12   scene prior to any search. This conversation was recorded on in-car video.  HESTER

13   agreed to the search and signed the form.  A search of the room was conducted.  Officer

14   Griffin recovered a loaded short-barreled AR-15-style rifle (Anderson Manufacturing,

15   serial #16273284) in the bathroom area of the room. This rifle had a 30-round magazine

16   attached to it, but only contained 15 rounds. Two additional magazines were located. One

17   had 21 rounds and the other was empty.  Officer Griffin located an additional serial-

18   numbered lower receiver (JD Machine, serial #18140) for an assault rifle in the room

19   along with a small amount of suspected heroin, suspected cocaine, and $500 of United

20   States currency (all in 20's).  The entire search was conducted in HESTER's presence.

21   Officer Merritt remained with HESTER for the duration of the search.

22        13.     HESTER was transported back to the West Precinct.

23        14.     Officer Thomas field-tested the suspected heroin recovered from HESTER

24   at the arrest location using a Scott Regent Modified Field Tester #L for heroin and

25   received a positive result on each bag. The larger baggie of heroin weighed 12.1 grams

26   without packaging. The smaller baggie, which contained heroin packaged for sale,

27   weighed 3.4 grams without packaging.  Officer Griffin field-tested the suspected heroin

28   COMPLAINT/HESTER - 6

1  recovered from the hotel room using a Scott Regent Modified Field Tester #L for heroin
2  and received a positive result. The heroin weighed 0.4 grams without packaging.  Officer
3  Griffin field-tested the suspected cocaine recovered from the hotel room using a Scott
4  Regent Modified Field Tester #G for cocaine and received a positive result.  The cocaine
5  weighed 0.9 grams without packaging.   The narcotics, firearms, and $500 in United
6  States currency were all seized and placed into evidence at the West Precinct.

7        15.     Subject HESTER was booked into the King County Jail for Unlawful
8  Possession of a Firearm and Possession with Intent to Distribute Heroin.

9        16.     ATF Special Agent (SA) Ryan Young has physically inspected the firearms
10  recovered during this investigation.  Based on his knowledge and experience as a
11  certified Interstate Nexus Expert, SA Young determined that the following firearms: one
12  AM-15, .300 blackout semi-automatic rifle, bearing serial number 16273284; one TR-1
13  JD lower receiver for an AR Platform, bearing serial number 18140; and one Colt .45-
14  caliber MKIV Officers ACP Pistol, bearing serial number SF06992E, were not
15  manufactured in the State of Washington.  Therefore, these firearms must have traveled
16  in interstate or foreign commerce before they were possessed in the state of Washington.

17        17.     I have checked HESTER's criminal history and confirmed that he has the
18  following criminal convictions in Washington: *Conspiracy to Commit a Violation of the*
19  *Uniform Controlled Substances Act – Possession of Heroin*, in King County Superior
20  Court, under cause number 17-1-02293-1 SEA, dated on or about April 12, 2017; and
21  *Conspiracy to Commit a Violation of the Uniform Controlled Substances Act –*
22  *Possession of Heroin*, in King County Superior Court, under cause number 17-1-00897-1
23  SEA, dated on or about April 12, 2017.  Each of these is a felony under Washington law,
24  punishable by a term of imprisonment exceeding one year.

25      ///
26      ///
27      ///
28

COMPLAINT/HESTER - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CONCLUSION

18.      Based on the foregoing, I respectfully submit that there is probable cause to believe that HESTER committed the following offenses: *Felon in Possession of a Firearm*, in violation of Title 18, United States Code, Section 922(g)(1); *Possession of Heroin with Intent to Distribute*, in violation of Title 21, United States Code, Sections 841(a)(1) & 841(b)(1)(C); and *Possession of a Firearm in Furtherance of a Drug Trafficking Crime*, in violation of Title 18, United States Code, Section 924(c)(1)(A).


WILLIAM PERKINS, Complainant,
Special Agent, ATF


Based on the Complaint and Affidavit sworn to before me, and subscribed in my presence, the Court hereby finds that there is probable cause to believe the Defendant committed the offenses set forth in the Complaint.


Dated this ____16th____ day of October, 2017.


THE HONORABLE JAMES P. DONOHUE
Chief United States Magistrate Judge

COMPLAINT/HESTER - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970